UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TAYLOR,   Case No.: 17-11473
           Plaintiff,
v.   Nancy G. Edmunds
   United States District Judge

UNIVERSITY OF MICHIGAN,
           Defendant.   Stephanie Dawkins Davis
_____/   United States Magistrate Judge

**REPORT AND RECOMMENDATION
DEFENDANT'S MOTION TO DISMISS (Dkt. 30)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed the instant suit on May 8, 2017.  (Dkt. 1).  District Judge Nancy G. Edmunds referred all pretrial matters to the undersigned.  (Dkt. 10).  On October 2, 2018, defendant University of Michigan ("U of M") filed its motion to dismiss the complaint.  (Dkt. 30).  Taylor responded, (Dkt. 34), U of M replied (Dkt. 37).

The basis of U of M's motion is that Taylor did not file either an initial or final witness list by the deadline set forth in the case management order.  (Dkt. 30, at p. 1-2).  On July 3, 2018, the Court entered a case management order setting the initial witness list deadline of July 21, 2018, and the final witness list deadline of September 20, 2018.  (Dkt. 27).  U of M asserts that dismissal is appropriate because, since Taylor did not file a witness list, he cannot call any witnesses at trial

to prove his case. (*Id.* at p. 2). In a separate order, the undersigned granted Taylor's motion to extend deadlines, including the deadline for filing initial and final witness lists. Therefore, U of M's motion to dismiss based on plaintiff's failure to file a witness list should be denied as moot.

U of M seeks dismissal for the additional reason that Taylor has not responded to its first set of interrogatories and requests for production of documents. The responses were due September 27, 2018. (*Id.*). The University acknowledges that ordinarily it would file a motion to compel the responses, but in this instance it moves for dismissal because Taylor has already disregarded the witness list deadlines set forth in the case management order.

Granting dispositive relief—either dismissal or default judgment—for failure to cooperate in discovery "is a sanction of last resort," and may not be imposed unless noncompliance was due to "willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir.1990) (citations omitted); *Harmon v. CSX Transportation, Inc.,* 110 F.3d 364, 366–67 (6th Cir.1997). In this case, U of M made no showing of willfulness, bad faith, or fault. On the contrary, Taylor says he did not respond to the discovery requests because he thought—based on discussions with U of M—that the case was going to settle. (Dkt. 34, at p. 5). There is no showing that Taylor disregarded the discovery requests out of bad faith or in some willful attempt to delay proceedings. Further,

this is seemingly the first instance of non-compliance with discovery requests on Taylor's part. Such a harsh sanction is not appropriate at this juncture. As such, the undersigned suggests that the motion to dismiss on this basis be denied.[1]

## II. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss (Dkt. 30) on the basis of plaintiff's failure to file witness lists be **DENIED AS MOOT** and that the motion to dismiss as it relates to plaintiff's failure to respond to discovery requests be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

---

[1] The undersigned separately dealt with U of M's alternative request to treat the motion to dismiss regarding the discovery requests as a motion to compel. The undersigned declined the invitation, requiring that U of M file an appropriate motion to compel if it sees fit to do so.

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 3, 2018                         s/Stephanie Dawkins Davis
                                                Stephanie Dawkins Davis
                                                United States Magistrate Judge


**CERTIFICATE OF SERVICE**

I certify that on December 3, 2018, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

4