**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT C. TAYLOR,

    Plaintiff,

v.

THE UNIVERSITY OF MICHIGAN,

    Defendant.

    _____/

Case No. 17-cv-11473

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S
DECEMBER 16, 2019 REPORT AND RECOMMENDATION [54]**

In this employment dispute, Plaintiff Robert Taylor asserts claims against the University of Michigan for disability-based discrimination under the Rehabilitation Act. Plaintiff claims he was wrongfully terminated from his position as a custodian with Defendant because of his disability.

Pending before the Court is the Magistrate Judge's[1] December 16, 2019 Report and Recommendation. (ECF No. 54.) The Magistrate Judge recommends that the Court grant Defendant's motion for summary judgment. Plaintiff raises several objections to the Magistrate Judge's Report and Recommendation. (ECF No. 55.) Defendant opposes Plaintiff's objections. (ECF No. 56.) The Court has conducted a *de novo* review of Plaintiff's objections and the entire record in this matter. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the Magistrate

---

[1] District Court Judge Stephanie Dawkins Davis was the Magistrate Judge who handled this matter. A few days after the issuance of her Report and Recommendation, then-Magistrate Judge Davis was confirmed by the United States Senate as a United States District Court Judge for the Eastern District of Michigan. Judge Davis's current status as a District Court Judge does not change the procedural posture of this matter, or the scope of this Court's review of the Report and Recommendation.

Judge's Report and Recommendation, and **GRANTS** Defendant's motion for summary judgment.

## I. STANDARD OF REVIEW

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff and Defendant have objected. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).

## II. PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

### A. Plaintiff's objections to the Magistrate Judge's factual findings.

Plaintiff contends the Magistrate Judge erred in failing to consider or by omitting certain facts from the record in issuing the Report and Recommendation. Each of these objections is addressed below. In sum, the Court reviewed the entire record in this matter along with the Magistrate Judge's detailed and thorough analysis in the Report and Recommendation and finds that Plaintiff's objections are without merit.

In his first and fourth objections, Plaintiff argues the Magistrate judge failed to properly consider Plaintiff's alleged requests for an accommodation, including Plaintiff's

alleged requests for a transfer to other available positions. Plaintiff also contends the Magistrate Judge failed to consider or even mention that Defendant's ADA policy does not require any specific words to request an accommodation. The Court disagrees that the Magistrate Judge erred. The Magistrate Judge discussed Defendant's employment policies and found that Plaintiff's vague and unsubstantiated requests for a transfer were insufficient to create a genuine issue of material fact. The Magistrate Judge also properly found that Plaintiff failed to produce sufficient credible evidence to establish the existence of an open and available position for a parking lot attendant, that Plaintiff was qualified for such position, or that Plaintiff in fact applied for the position. Finally, the Court agrees with the Magistrate Judge that Plaintiff's request for an indefinite amount of time off to heal was not a reasonable request for an accommodation under the facts and circumstances of this case. This objection is overruled.

In his second objection, Plaintiff contends the Magistrate Judge's discussion of the evaluations by the independent medical examiner was incomplete and that she omitted facts showing the IME was unqualified to render medical opinions about Plaintiff's ability to return to work. But the additional facts highlighted by Plaintiff in his objection do not impact the Magistrate Judge's finding that Defendant relied in good faith on Dr. Lee's recommendation and evaluation at the time it decided to terminate Plaintiff. Moreover, as discussed *infra*, the Court agrees with the Magistrate Judge that Plaintiff failed to present sufficient evidence to establish that Defendant's reliance on Dr Lee's opinion was unreasonable. This objection is overruled.

In his third objection, Plaintiff argues the Magistrate Judge failed to properly consider Plaintiff's July 2015 fall and related injuries. The Court disagrees. The

Magistrate Judge discusses in detail and considers Plaintiff's July 2015 incident, his subsequent surgery, and the subsequent evaluations related to this incident as they related to Defendant's decision to terminate Plaintiff. This objection is overruled.

In his fifth objection, Plaintiff contends the Magistrate Judge erred by failing to consider additional instances of alleged animus towards disabled employees displayed by Defendant and its employees. As an initial matter, this objection fails because Plaintiff does not identify an actual error in the Magistrate Judge's analysis or the Report and Recommendation. There is also no support for Plaintiff's proposition that the Magistrate Judge failed to consider facts in the record or that the Magistrate Judge's analysis would have been different had she discussed in more detail the alleged instances of animus. This objection is overruled.

Finally, Plaintiff's sixth objection is titled "Defendant's positive proof that Plaintiff had the surgery." In this objection, Plaintiff does not point to any specific error by the Magistrate Judge. Read liberally, Plaintiff appears to be arguing the Magistrate Judge erred by failing to consider that Plaintiff did in fact undergo surgery on August 31, 2015—10 days after his termination.

This objection is overruled. The Court acknowledges the Report and Recommendation does not specifically state "on August 31, 2015, Plaintiff had surgery." But Plaintiff provides no explanation as to why or how this impacts the Court's analysis or the merits of his claim. The surgery occurred after Defendant notified Plaintiff of its decision to terminate him, and the Magistrate Judge observes in multiple instances that Plaintiff was scheduled for surgery on August 31, 2015. As Defendant points out, Defendant relied on Dr. Lee's August 2015 report in making its determination to terminate

Plaintiff, which acknowledged that Plaintiff was scheduled for surgery on August 31, 2015. Whether the surgery ultimately occurred would not change the report or Dr. Lee's opinion. Moreover, the Magistrate Judge discusses Dr. Lee's subsequent November 28, 2016 reevaluation of Plaintiff. Any failure to specifically observe the actual occurrence of the August 31, 2015 surgery was harmless.

**B. Plaintiff's objection to the Magistrate Judge's finding that Plaintiff was not otherwise qualified to perform his position.**

To establish a prima facie case of disability-based discrimination, Plaintiff was required to present sufficient evidence that, among other things, he is otherwise qualified for the position from which he was terminated, with or without a reasonable accommodation. *See Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007). The Magistrate Judge found Plaintiff failed to present sufficient credible evidence to satisfy this element of his claim. Plaintiff argues the Magistrate Judge erred and contends he submitted enough evidence to raise a question of fact as to whether he was otherwise qualified to perform his position with a reasonable accommodation. The Court disagrees.

This objection is in large part a rehash of Plaintiff's objections to the Magistrate Judge's review of the factual record. The Court agrees with the Magistrate Judge in finding that the record does not contain sufficient evidence to establish that Plaintiff was otherwise qualified to perform his position with Defendant. And the Court agrees with the Magistrate Judge that Plaintiff failed to satisfy his burden to establish the availability of a reasonable accommodation.

There does not appear to be any dispute that Plaintiff was not qualified for his position as a custodian, with or without accommodations. As the Magistrate Judge observes, Plaintiff conceded at his deposition that no accommodations would enable him

to continue to perform his duties as a custodian. And Plaintiff does not challenge this finding.

As to Plaintiff's alleged requests for other accommodations, the Court finds Plaintiff failed to present sufficient evidence to establish the availability of a specific open position for which would have been qualified or that he in fact applied for such position. *See Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 870 (6th Cir. 2007). The Court agrees with the Magistrate Judge that Plaintiff's vague testimony as to the existence of "20 or 30,000" jobs at the University and his statement that he spoke with his supervisor about taking a job as a parking lot attendant do not create a genuine issue of material fact to survive summary judgment. *See Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 631 (6th Cir. 1998) (finding vague request for accommodation insufficient to create genuine issue of material fact). Similarly, Plaintiff failed to present sufficient evidence to establish that his request for an indefinite leave of absence, following almost two years of paid medical leave, was a reasonable accommodation. *See Walsh v. United Parcel Serv.*, 201 F.3d 718, 726 (6th Cir. 2000).

For these reasons, and for the reasons articulated by the Magistrate Judge, the Court finds Plaintiff failed to present sufficient evidence to raise a genuine issue of material fact as to whether he was otherwise qualified for his position, with or without a reasonable accommodation. Plaintiff's objection is overruled.

**C. Plaintiff's objection to the Magistrate Judge's finding that he failed to create a genuine issue of material fact as to whether the University's reason for his termination was a pretext for illegal discrimination.**

In its motion for summary judgment, Defendant contends its decision to terminate Plaintiff was based on Dr. Lee's IME reports stating that Plaintiff was able to return to

work without any restrictions. The record reflects Plaintiff was ultimately terminated because he failed to provide sufficient medical documentation to alter Dr. Lee's assessment, yet refused to return to work. And Defendant argues that even if Dr. Lee's opinion was ultimately flawed, it honestly believed in good faith that Plaintiff could return to work with no restrictions based on Dr. Lee's reports.

Plaintiff bears the burden of establishing that Defendant's proffered reasons for terminating Plaintiff were pretextual. *See Jones*, 448 F.3d at 406. To satisfy this burden, Plaintiff must demonstrate, by a preponderance of the evidence, either (1) that the proffered reasons for the adverse employment action had no basis in fact; (2) that the proffered reasons did not actually motivate the discharge; or (3) that they were insufficient to motivate the discharge. *Id.* In the Report and Recommendation, the Magistrate Judge concludes that even if Plaintiff had established a *prima facie* case or created a genuine issue of material fact as to the elements of his claim, he failed to create a genuine issue as to pretext.

Plaintiff objects and claims the Magistrate Judge erred in failing to find that Defendant's proffered reason for terminating Plaintiff was pretextual. Plaintiff points to a number of factual allegations which he contends were overlooked by the Magistrate Judge. In doing so, Plaintiff does not identify any actual error made by the Magistrate Judge. Rather, Plaintiff merely repeats the same arguments it made in its response to Defendant's summary judgment and claims the Magistrate Judge reached the wrong conclusion. The Court disagrees.

Plaintiff specifically points to the following to establish pretext: (1) that Defendant allegedly violated its own employment policies by failing to transfer Plaintiff to another

7

position on its own initiative; (2) that Defendant terminated Plaintiff even though it observed Plaintiff wearing a neck brace to his grievance hearing; (3) that Plaintiff suffered adverse employment actions of being terminated and being designated as non-rehireable; (4) that Plaintiff's request for an indefinite leave of absence was denied and Defendant failed to consider, on its own initiative, placing Plaintiff on long-term disability; (5) that Plaintiff's conduct was not the type that would typically lead to a non-rehireable designation; (6) that an e-mail from one of Plaintiff's supervisors, who was not involved in the decision to terminate Plaintiff, and which was dated two years prior to his termination, reflected Defendant's discriminatory animus towards Plaintiff's disability; (7) that Defendant failed to consider whether Plaintiff was injured from a non-occupational cause or whether his condition worsened after the July 1, 2015 fall; and (8) that it was unreasonable for Defendant to have relied on Dr. Lee's opinion for various reasons.

The Magistrate Judge thoroughly analyzed and discussed each of these arguments and all of the evidence that Plaintiff claims demonstrates pretext. The Court agrees with the Magistrate Judge that Plaintiff failed to present sufficient evidence to establish he was terminated because of his disability or because of discriminatory animus. Furthermore, based on the record before the Court, the Magistrate Judge correctly determined Plaintiff failed to establish that Defendant's reliance on Dr. Lee's opinion was unreasonable. The Court also agrees with the Magistrate Judge's finding that Defendant sufficiently demonstrated it relied in good faith on Dr. Lee's medical opinions based on the information available at the time. Accordingly, for these reasons, and for the reasons set forth by the Magistrate Judge, the Court finds Plaintiff has failed to satisfy his burden to establish pretext. Plaintiff's objection is overruled.

## III. CONCLUSION

For the above-stated reasons, and for the reasons provided in the Magistrate Judge's Report and Recommendation, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, and **GRANTS** Defendant's motion for summary judgment.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 28, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 28, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager